**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1464

_____

SONIA MONROY-MORALES; G.O.M.,

       Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  November 21, 2023                Decided:  November 27, 2023

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mark J. Devine, LAW OFFICES OF MARK J. DEVINE, LLC, Charleston, South Carolina, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Jonathan A. Robbins, Assistant Director, Bernard A. Joseph, Senior Litigation Counsel, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonia Monroy-Morales and her minor daughter, G.O.M., natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Monroy-Morales' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[*] We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Monroy-Morales failed to establish the requisite nexus between the claimed protected ground and the asserted past persecution or the feared future persecution, *see Toledo-Vasquez v. Garland*, 27 F.4th 281, 287-91 (4th Cir. 2022) (addressing similar nexus theory and reiterating that not every threat that relates to a noncitizen's "family member is made on account of family ties" and that "the nexus requirement is primarily about the persecutor's reasons for targeting an individual" (internal quotation marks omitted)); *Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's

---

[*] G.O.M. was a rider on Monroy-Morales' asylum application. *See* 8 U.S.C. § 1158(b)(3).

2

nexus determination, this court "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)). *See generally Velasquez v. Sessions*, 866 F.3d 188, 195-96 (4th Cir. 2017) (recognizing the established principle that "the asylum statute was not intended as a panacea for the numerous personal altercations that invariably characterize . . . social relationships" and distinguishing the type of personally motivated conflicts that generally "fall[ ] outside the scope of asylum protection" (cleaned up)). Our review of the record likewise confirms that substantial evidence supports the denial of Monroy-Morales' claim for relief under the CAT. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (providing standard of review).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Monroy-Morales* (B.I.A. Mar. 31, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3